EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ LUQUE, acusado y apelante.

Núm. 6534.—*Sometido:* Mayo 20, 1937. *Resuelto:* Mayo 26, 1937.

*Angel A. Vázquez,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA emitió la opinión del tribunal.

En el presente caso se imputa a José Luque un delito de abandono de menores. Expresa la denuncia que "durante el mes de febrero de 1935, y en Río Piedras, P. R., del distrito judicial municipal de Río Piedras, que forma parte del distrito judicial de San Juan, P. R., el referido acusado voluntaria y maliciosamente y sin excusa legal, ha dejado de proveer a sus hijas menores Evelyn, Lillian, y Edith, el alimento, vestidos, medicinas y demás menesteres necesarios para su vida, siendo dichas niñas hijas legítimas del acusado."

Celebrada la vista de la causa y practicada la prueba por ambas partes aportada, se dictó la siguiente sentencia:

"La Corte declara al acusado culpable por infracción del artículo 263 del Código Penal de Puerto Rico, y le condena a pagar una multa de $15.00 y las costas del procedimiento, y si no pagare la multa, a sufrir un día de cárcel por cada dólar de la misma que dejare de satisfacer; y en atención a las circunstancias especiales de este caso, la Corte, amparándose en los preceptos del artículo de ley en que se funda la denuncia, tal como quedó enmendado por la ley núm. 35 de 1931 (pág. 353), deja en suspenso la sentencia en tanto en cuanto

el acusado cumpla la condición que por la presente se le impone de contribuir con $15 mensuales para los gastos y atenciones de sus tres hijas menores de edad, disponiéndose que si esta condición no fuere cumplida por el acusado, la Corte, previa investigación y audiencia, decretará el cumplimiento de esta sentencia.''

Se alega que la prueba es insuficiente para sostener la sentencia dictada, que se admitió evidencia de hechos remotos anteriores y posteriores a la fecha alegada en la acusación, dándose así lugar a que en virtud de esa sorpresa y de tal prueba el acusado fuera declarado culpable, y que se denegó erróneamente la moción de reconsideración de sentencia presentada por la defensa.

La Sra. Petra Freire, esposa que fué del acusado, declara que desde el mes de diciembre de 1933 se fué a vivir con su madre porque el acusado la abandonó. Sigue diciendo que ha tenido unos cuantos juicios y que su antiguo esposo le pasó los últimos $10 en febrero de 1935, desde cuya fecha no le ha pasado absolutamente nada. Desde entonces ha estado luchando inútilmente para que el acusado le pase algo y no le ha pasado nada. Afirma que es insolvente, que el acusado, en nueve años de casados, nunca la sostuvo mal, que en la actualidad estudia en una escuela superior nocturna y que la testigo ganaba $7 semanales y en el momento en que declara está colocada en la F.E.R.A. con un sueldo de $45 mensuales.

El testigo de cargo José Félix Freire corrobora la declaración de Petra Freire y agrega que el acusado le estuvo pasando alimentos a sus hijas como cuatro o seis meses y que desde febrero de 1935 no les ha dado nada; que lo último que les dió fueron $10, en febrero.

El acusado declara que en febrero de 1935 le mandó $12 a su esposa, que guarda recibos de las cantidades que le envió por correo con anterioridad y que nunca ha dejado de mandarle; que tiene relación del *postmaster* de los giros postales que le mandó, que es ésa una relación del *postmaster* diciendo cuándo fueron expedidos y por quién fueron cobrados

los giros, que en enero de 1935 le mandó $10, que en noviembre le envió $10 y en diciembre $15, y que en la actualidad está sin colocación; que después que le dió los $12 no ha recibido ninguna notificación ni de su esposa ni de ningún familiar; que a partir de febrero, 1935, no le ha dado nada.

El testigo Ricardo Solá corrobora la declaración del acusado en cuanto a la remesa de $12 a Petra Freire en el mes de febrero.

La denuncia imputa el abandono en el mes de febrero de 1935 y no en otra fecha. En ese mes la denunciante admite que el acusado le envió $10. José Luque declara que fueron $12. De su testimonio se deduce que mientras declara tiene en sus manos una relación del *postmaster* diciendo cuándo fueron expedidos ciertos giros postales enviados a la denunciante y cuándo fueron cobrados. No hay duda de que el acusado desde el mes de febrero no ha enviado un centavo a su esposa, pero en la denuncia no se le imputa que haya dejado de suministrar los alimentos desde esta fecha. Es en el mes de febrero en que según la denunciante el acusado dejó de proveer a sus hijas menores de vestidos, medicinas y demás menesteres necesarios para su vida.

La corte inferior condenó a dicho acusado a pasarle $15 mensuales a sus hijas. Si como parece éste les envió en ese mes $12, no creemos justo que se le impute un delito de abandono de menores en dicho mes, cuando en realidad sólo remitió $3 menos de lo que dicha corte ha creído razonable para el mantenimiento de sus hijas, de acuerdo con las circunstancias del caso. Si el acusado con anterioridad, lo que no aparece claro de los autos, dejó de suministrarles alimentos a las menores, su conducta no puede servir de base para una sentencia de culpabilidad a juzgar por la prueba practicada. Si la corte opinó que este acusado dejó de cumplir con los deberes que le impone la ley antes de la fecha indicada, no puede castigársele por esos hechos cuando en febrero el referido acusado envió a sus hijas la cantidad de $10 ó $12.

Evidencia de hechos similares con anterioridad a la acusación puede presentarse en casos excepcionales para probar conocimiento, intención, designio o plan. Apunta Wigmore que "el aspecto peculiar de este proceso de prueba es que el acto mismo se presume realizado, ya porque, como usualmente ocurre, este acto es concedido, o porque se instruya al jurado no considerar la evidencia desde este punto de vista mientras no entienda que el acto ha sido probado y se disponga a determinar la intención." *Pueblo* v. *Juarbe*, 43 D. P.R. 448, 453.

En el presente caso los hechos anteriores a la presentación de la denuncia no arrojan luz alguna con respecto a la intención. Una vez demostrado que el acusado dejó de suministrar alimentos a sus hijas durante el mes de febrero, teniendo medios para hacerlo, no pueden surgir dudas acerca de su culpabilidad. Este hecho, sin embargo, no ha quedado acreditado por la prueba. Por el contrario, se ha demostrado que el acusado envió a su antigua esposa en la fecha indicada en la denuncia una suma de dinero que se acerca a la que la corte sentenciadora consideró razonable para el alimento de sus hijas de acuerdo con las circunstancias del caso.

El hecho de que la madre no haya requerido al acusado para que cumpla con sus deberes no sería excusa si la prueba hubiese demostrado el abandono imputado en la denuncia. Un padre no necesita que se le requiera para suministrar alimentos a sus hijos. La ley le impone una obligación que debe cumplir sin necesidad de requerimiento. La protección de los hijos es además un sentimiento latente en la conciencia de todo padre que se precie de tal y la ausencia de requerimiento es una excusa muy pobre para justificar o atenuar la omisión de un deber impuesto por una ley natural.

*Dada la prueba practicada y los términos en que aparece redactada la denuncia, nos vemos obligados a decretar la absolución del acusado.*